E-Filed 10/8/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SALVATORE MARINO,

      Plaintiff,

    v.

U.S. BANK, N.A.,

      Defendant.

Case No.  15-cv-02935-HRL

**ORDER JUDICIALLY NOTICING PUBLIC RECORDS**

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. Nos. 9, 10

United States District Court
Northern District of California

Salvatore Marino ("Marino") sues U.S. Bank, N.A. ("USBA") with two claims: (1) USBA committed "dual tracking" in violation of California's Homeowner Bill of Rights ("HBOR") by proceeding with a foreclosure process while simultaneously renegotiating the terms of Marino's mortgage, Cal. Civ. Code § 2923.6; and (2) USBA's dual-tracking business practices violate California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200 et seq.  Dkt. No. 1-1 at 36-39.  Marino alleges that he applied to USBA for a loan modification, that he timely submitted supplemental documents for several months whenever requested by USBA, and that USBA recorded a notice of trustee's sale without first granting or denying his pending loan modification application.

Marino sued USBA in California's Superior Court for an injunction against the sale.  The Superior Court granted a temporary restraining order against USBA and also ordered USBA to show cause why a preliminary injunction should not be issued.  USBA removed the case to this court, moved to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim, and requested judicial notice of relevant public records.  Dkt. Nos. 1, 9, 10.

The parties have expressly consented to magistrate jurisdiction.  The court has considered the arguments in the parties' briefs and the arguments heard on September 8, 2015.  The court judicially notices the public records.  USBA's motion to dismiss is denied in part and granted in part.

### Judicial Notice

Federal Rule of Evidence 201(b) generally permits a court to judicially notice county records as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  *See, e.g., Rosal v. First Federal Bank of California*, 671 F.Supp.2d 1111, 1121 (N.D. Cal. 2009).  USBA requests judicial notice of four documents from the Santa Clara County Recorder's office that relate to Marino's property: (1) the deed of trust, document number 19402100; (2) the assignment of the deed of trust, document number 21347471; (3) the notice of default and election to sell under deed of trust, document number 22598786; and (4) the notice of trustee's sale, document number 22880821.  The court grants the request for judicial notice of these county records.

### Motion to Dismiss

A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is appropriate where there is no cognizable legal theory or there are insufficient facts alleged to support a cognizable legal theory.  *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  The court assumes the truth of factual allegations and construes them in the light most favorable to the claimant.  *Id.*  But the court may disregard conclusions not supported by underlying factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The court then draws upon its "experience and common sense" to answer a "context-specific" question: do the alleged facts support a plausible claim on which relief might be granted?  *Id.* at 679.

HBOR prohibits a lender from recording a notice of sale while a complete loan modification application is pending, Cal. Civ. Code § 2923.6, but HBOR provides this protection only with respect to "first lien mortgages or deeds of trust that are secured by owner-occupied residential real property[.]"  Cal. Civ. Code § 2924.15(a).  A plaintiff may sue under HBOR to

2

1  enjoin an impending sale that was noticed while a complete loan application was pending, but a

2  plaintiff is not entitled to economic damages until the home has been sold.  Cal. Civ. Code §

3  2924.12.

4       The UCL applies when the claimant is harmed by business practices that are also illegal

5  acts.  *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163,

6  180 (1999).

7       USBA argues Marino's dual-tracking claim fails "as a matter of law" for three independent

8  reasons: Marino failed to plausibly allege he is an owner-occupant of the property that secures the

9  deed of trust, he failed to plausibly allege the submission of a complete loan modification

10  application, and he asks for damages that cannot be awarded if the home has not been sold.

11  USBA also argues Marino lacks standing under the UCL and that, as well, the UCL claim is not

12  adequately "tether[ed]" to plausible allegations of predicate illegal or deceptive conduct.  Dkt. No.

13  9 at 8-9.

14       A court may consider judicially noticed "matters of public record" in its analysis of a

15  12(b)(6) motion.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  The first page

16  of the deed of trust lists Marino's address as 1679 Dry Creek Road, San Jose CA, 95125.  Dkt. No.

17  10-1 at 2.  The third page lists the address of the property that secures the loan—also 1679 Dry

18  Creek Road in San Jose.  *Id.* at 4.  And Marino's complaint alleges he resides in San Jose,

19  California.  Dkt. No. 1-1 at 34.  Marino's alleged residence in San Jose and the deed of trust,

20  together, plausibly show Marino is an owner-occupant entitled to protection against dual tracking

21  under HBOR.

22       USBA relies on *Woodring v. Ocwen Loan Servicing, LLC*, No. CV 14-03416 BRO, 2014

23  WL 3558716 (C.D. Cal., July 18, 2014), to argue Marino has not alleged sufficiently "robust

24  factual allegations" to plausibly show he ever submitted a completed application.  Dkt. No. 9 at 7.

25  But *Woodring* cited the allegations in *Flores v. Nationstar Mortg. LLC*, No. CV 13-3898 PLA,

26  2014 WL 304766 (C.D. Cal., Jan. 6, 2014), as an example of sufficiently "robust" allegations: the

27  homeowner submitted a loan modification application; the loan servicer requested additional

28  documents over the course of two months; the homeowner timely submitted every document

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    requested; and then the lender instituted a foreclosure sale without either granting or denying the

2    homeowner's pending modification application.  *Flores*, 2014 WL 304766 at *3-4.  Marino has

3    alleged facts substantially similar to the allegations in *Flores*: he applied for a loan modification;

4    he timely submitted each supplemental document requested by USBA from July 2014 to May

5    2015; and USBA nevertheless recorded a notice of trustee's sale without either granting or

6    denying his pending application.  Dkt. No. 1-1 at 36-37.  The court finds Marino has plausibly

7    alleged the submission of a complete loan modification application and that he has therefore

8    plausibly alleged a dual tracking claim upon which relief might be granted.

9        USBA is correct, though, that HBOR entitles a homeowner to an injunction, rather than the

10   general and special damages requested in the complaint, when the home has not yet been sold.

11   The court dismisses the HBOR claim for relief because it improperly requests general and special

12   damages.  Plaintiff may have 10 days leave to amend to request injunctive relief.

13       Marino's UCL claim is plausible because an illegal business practice, dual tracking, has

14   been plausibly alleged as a sufficient predicate.

15       A plaintiff has standing to bring a UCL claim when he "has suffered injury in fact and has

16   lost money or property."  Cal. Bus. & Prof. Code § 17204.  A plaintiff has suffered sufficient

17   economic injury when the alleged UCL violation caused the plaintiff to "enter into a transaction,

18   costing money or property, that would otherwise have been unnecessary."  *Kwikset Corp. v.*

19   *Superior Court*, 51 Cal. 4th 310, 323 (2011).  Marino argues he suffered sufficient injury to give

20   him UCL standing when an allegedly illegal foreclosure notice caused him to hire a lawyer and

21   seek an injunction.  Dkt. No. 15 at 5.  USBA does not dispute that Marino has plausibly suffered a

22   sufficient degree of economic injury, but argues instead that USBA did not plausibly cause the

23   injury with illegal acts.  Dkt. No. 16 at 4.  The court finds Marino plausibly alleges USBA caused

24   economic injury to him with illegal business practices.  Marino therefore has standing for his UCL

25   claim.

26                                          **Conclusion**

27       The request for judicial notice is granted.  The court dismisses the first claim for relief with

28

4

leave to amend and denies the motion as to the second claim for relief.

**IT IS SO ORDERED.**

Dated: 10/8/15

_____
HOWARD R. LLOYD
United States Magistrate Judge